Kevin M. Muldoon (State Bar No. 248248)
5000 Birch Street, West Tower Suite 3000
Newport Beach, CA, 92660
Phone: (949) 207-3605
Fax: (949) 207-3605
Email: kevinmmuldoon@yahoo.com
Attorneys for Plaintiff Sunago Christian Fellowship Church

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Sunago Christian Fellowship Church,<br><br>    Plaintiff,<br><br>v.<br><br>Edmund G. Brown, in his official Capacity as Governor of California; Kamala Harris, in her official capacity as Attorney General Of the State of California; Tom Torlakson, in his official capacity as State Superintendent of Public Instruction,<br><br>    Defendants. | CV11-10200 PSG (JEMx)<br><br>CIV. NO.: _____<br><br>JUDGE: _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF<br><br>42 U.S.C. § 1983<br><br>FIRST AMENDMENT<br>FOURTEENTH AMENDMENT |

   Plaintiff, Sunago Christian Fellowship Church, by and through the undersigned counsel, brings this Complaint against the above-named Defendants, for violating it's constitutionally protected, first Amendment, free exercise of religion rights and equal protection rights by barring it from operating a charter school. In support of its Complaint, Sunago Christian Fellowship Church alleges the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over all claims in the Complaint, including claims arising under the United States Constitution and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (a)(4), which confer original jurisdiction on United States District Courts in suits to redress the deprivation of rights, privileges and immunities, as stated herein.

2. Venue lies in the District pursuant to 28 U.S.C. § 1391(a). Plaintiff is located in this District. Defendants are located in this District. The events giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Sunago Christian Fellowship Church, is a California non-stock corporation; Pastor Charles Patrick is President and Pastor of the organization, which is located at 1319 East Palmer Street, Compton, CA 90021.

4. Edmund G. Brown is the Governor of the State of California and its chief executive officer; Brown is responsible for implementing the laws of the State of California as well as the policies, practices, procedures, rules, regulations, guidelines and orders of the Executive Branch of state government, including the departments and offices that have been named as defendants in this action; Brown is ultimately responsible for enforcing the laws, policies, and regulations governing overall education and, specifically, charter school operation that has violated Sunago Christian Fellowship Church's first Amendment rights; Brown is sued in his official capacity.

5. Kamala Harris is the Attorney General of the State of California; Harris is responsible for implementing the laws of the State of California as well as the policies, practices, procedures, rules, regulations, guidelines and orders of the Executive Branch of state government, including the officer that has been named as defendant in this action; Harris is ultimately responsible for enforcing the laws, policies, and regulations governing overall education and, specifically, charter school operation that has violated Sunago Christian Fellowship Church's first Amendment rights; Harris is sued in her official capacity.

6. Tom Torlakson is the State Superintendent of Public Education; the Superintendent is responsible for the general supervision of all educational activities within the State of California; Torlakson is sued in his official capacity.

## STATEMENT OF FACTS

7. In 1992, Governor Pete Wilson signed the California Charter Schools Act ("Act") for the purpose of organizing and operating independent and autonomous public schools, called charter schools. The Act is codified in Section 47600, et. seq., of the California Education Code.

8. The purpose of the Act is to authorize a system of charter schools to provide opportunities for teachers, parents, and community members to establish and maintain schools that operate independently of existing schools and school districts in order to 1) improve pupil learning; 2) increase learning opportunities for all pupils, with special emphasis on expanded learning experiences for pupils who are identified as academically low achieving; 3) encourage the use of different and innovative teaching methods; 4) create new professional opportunities for teachers, including the opportunity to be responsible for the learning program at the school site; 5) provide parents and pupils with expanded choices in the types of educational

opportunities that are available within the public school system; 6) hold the schools established under this part accountable for meeting measurable pupil outcomes, and provide the schools with a method to change from rule-based to performance-based accountability systems.

9.  Sunago Christian Fellowship Church is a not-for-profit religious organization that is authorized to do business in the State of California and is interested in applying to become and operating a charter school.

10.  The challenged statute, §47605 (d) of the California Education Code (which contains the codified Act) in part reads: (1) In addition to any other requirement imposed under this part, a charter school shall be nonsectarian in its programs, admission policies, employment practices, and all other operations, shall not charge tuition, and shall not discriminate against any pupil on the basis of the characteristics listed in Section 220.

11.  The challenged statute, §47605.6(e) of the California Education Code (which contains the codified Act) in part reads: In addition to any other requirement imposed under this part, a charter school shall be nonsectarian in its programs, admission policies, employment practices, and all other operations, shall not charge tuition, and shall not discriminate against any pupil on the basis of ethnicity, national origin, gender, or disability.

12.  The challenged section of the California Constitution, § 8 of Article IX reads: No public money shall ever be appropriated for the support of any sectarian or denominational school, or any school not under the exclusive control of the officers of the public schools; nor shall any sectarian or denominational doctrine be taught, or instruction thereon be permitted, directly or indirectly, in any of the common schools of this State.

13. The challenged section of the California Constitution, §5 of Article XVI: Neither the Legislature, nor any county, city and county, township, school district, or other municipal corporation, shall ever make an appropriation, or pay from any public fund whatever, or grant anything to or in aid of any religious sect, church, creed, or sectarian purpose, or help to support or sustain any school, college, university, hospital, or other institution controlled by any religious creed, church, or sectarian denomination whatever; nor shall any grant or donation of personal property or real estate ever be made by the state, or any city, city and county, town, or other municipal corporation for any religious creed, church, or sectarian purpose whatever; provided, that nothing in this section shall prevent the Legislature granting aid pursuant to Section 3 of Article XVI.

14. Pastor Patrick, has a personal stake in the education and well-being of the children in his community. Having children of his own, Pastor Patrick saw firsthand the failures of the public school system (overcrowded classrooms, overworked and/or ineffective teachers). Seeing the school system failing his children, Pastor Patrick was forced to put some of his children in private school in order for them to obtain a proper education.

15. Most members of Pastor Patrick's community do not have the means to send their children to private school. Pastor Patrick wants all children in his community to have the same opportunities as his. The only way that will happen is for these children to attend a charter school.

16. Considered a "sectarian" entity, Sunago Christian Fellowship Church has been barred from operating a charter school under Section 47600, et. seq., of the California Education Code, § 8 of Article IX of California States Constitution, and §5 of Article XVI of California State's Constitution.

17. The Defendant has banned Sunago Christian Fellowship Church from submitting a charter school application by the unconstitutional California Charter Schools Act due to it not being judged on the merits of its application but being denied a fair review due to it being a sectarian entity in nature..

18. Laws such as §47605 (d) and §47605.6(e) of the California Education Code are derived from laws based on the so-called "Blaine Amendment". The Blaine Amendment is named after James G. Blaine, a former Member of the House of Representatives who sought to pass a United States Constitutional amendment making it a United States law that public funds could not be used to support "sectarian" schools riding a wave of anti-Catholic sentiment using it as a political tool to be used in his failed bid for the Presidency. The proposed amendment passed the House but failed in the Senate. During the time in question, 1876, the goal of the Blaine Amendment was not to stop theological teachings in public schools, as the Blaine Amendment's final version included: "This article shall not be construed to prohibit the reading of the Bible in any school or institution." It was meant to maintain a monopoly over public funds for schools which were used for the teaching of Protestant morality.

19. Anti-Catholicism was so rampant during this time that many states passed their own version of the Blaine Amendment and Congress forced new states to include versions of the Blaine Amendment in order to gain admission into the Union.

20. The bigotry that continues to exist in today's versions of the Blaine Amendment finds its roots in discrimination against religious entities.

## COUNT I
### The California Charter Schools Act
### Violation of United States Constitution

## Fourteenth Amendment: Equal Protection

## (42 U.S.C. § 1983)

21. Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

22. The Act violates religious entities of its equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by denying religious entities the ability to operate a charter school on the basis of the suspect classification of religion, on the basis of a law passed with discriminatory or otherwise irrational intent, and on the basis of the Plaintiffs exercise of its fundamental rights.

## COUNT II

## The California Charter Schools Act

## Violation of United States Constitution

## First and Fourteenth Amendments: Free Exercise of Religion

## (42 U.S.C. § 1983)

23. Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. The Defendant, acting under the color of state law, has deprived and continues to deprive Plaintiff and other similarly situated entities of their right to the free exercise of religion, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying Plaintiff and other similarly situated entities the ability to operate a charter school on the basis of religious status, and by targeting Plaintiff because of its religious status.

25. A primary purpose of The First Amendment is to keep government from selectively relegating individuals and/or entities who act on religious conviction to a lower class when public benefits are distributed. The Act demotes entities such as Plaintiff and other similarly situated entities to second-class citizens solely because of their religious status by forbidding Plaintiff and other similarly situated entities to even apply for a charter school.

26. The Act is nothing more than an attempt by the State to erect a barrier for those who express their religious affiliation or beliefs from access to public resources that are generally available to all others, as long as they do not publicly express their religious affiliation or beliefs. This type of selective discrimination by the State of California clearly violates the Free Exercise Clause of the First Amendment, which has been incorporated to apply to the states through the Fourteenth Amendment.

27. The essential purpose of the Free Exercise clause is to prohibit discrimination of religion, as the Supreme Court has stated before, based on the "fundamental non-persecution principal". The Act defies this principal by treating Plaintiff's and other similarly situated entities religious expression as a disability which prohibits Plaintiff and other similarly situated entities from even applying for generally available funds. The Supreme Court has made it clear that the Free Exercise Clause prohibits states from enacting such laws which would punish individuals or entities for their religious conduct.

28. The Free Exercise Clause condemns laws such as the Act because they force those who choose to express their religious beliefs to bear the burden of the discrimination while not being able to reap any of the benefits that are generally available to the public.

# COUNT III

## The California Charter Schools Act
## Violation of United States Constitution
## First and Fourteenth Amendments: Freedom of Speech
## (42 U.S.C. § 1983)

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. The Defendant, acting under the color of state law, has deprived and continues to deprive Plaintiff and other similarly situated entities of their right to free speech, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying the Plaintiffs the ability to operate a charter school solely because of its religious views, and by targeting Plaintiff and other similarly situated entities for special disfavor because they possess a religious viewpoint.

31. In enacting the Act the state of California has essentially created a forum for a broad but defined range of groups. However, groups such as Plaintiff and other similarly situated entities are excluded from participation solely because of Plaintiff's and other similarly situated entities expression of its religious purpose. Discriminating against a group only for its religious affiliation or viewpoint has consistently been condemned by the Supreme Court.

32. The Act classification of Plaintiff and other similarly situated entities as religious entities is its basis, or at least results in Plaintiff's and other similarly situated entities speech and ideas being denied entry into a public forum that is generally available to the public at large. These actions by the State clearly violate Plaintiff's and other similarly situated entities freedom of speech.

## COUNT IV

### § 8 of Article IX of the California State Constitution
### Violation of United States Constitution
### Fourteenth Amendment: Equal Protection
### (42 U.S.C. § 1983)

33.  Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.  § 8 of Article IX of the California State Constitution violates religious entities of its equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by denying religious entities the ability to operate a charter school on the basis of the suspect classification of religion, on the basis of an article of the California State Constitution passed with discriminatory or otherwise irrational intent, and on the basis of the Plaintiffs exercise of its fundamental rights.

## COUNT V

### § 8 of Article IX of the California State Constitution
### Violation of United States Constitution
### First and Fourteenth Amendments: Free Exercise of Religion
### (42 U.S.C. § 1983)

35.  Paragraphs 1 through 34 are incorporated by reference as if fully set forth herein.

36.  The Defendant, acting under the color of the California State Constitution, has deprived and continues to deprive Plaintiff and other similarly situated entities of their right to the free exercise of religion, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying, through laws like the Act, Plaintiff and other similarly situated entities the ability to operate a

charter school on the basis of religious status, and by targeting Plaintiff because of its religious status.

37. A primary purpose of The First Amendment is to keep government from selectively relegating individuals and/or entities who act on religious conviction to a lower class when public benefits are distributed. § 8 of Article IX of the California State Constitution demotes entities such as Plaintiff and other similarly situated entities to second-class citizens solely because of their religious status by forbidding Plaintiff and other similarly situated entities to even apply for a charter school, through the Act.

38. § 8 of Article IX of the California State Constitution is nothing more than an attempt by the State to erect a barrier for those who express their religious affiliation from access to public resources that are generally available to all others, as long as they do not publicly express their religious affiliation or beliefs. This type of selective discrimination by the State of California clearly violates the Free Exercise Clause of the First Amendment, which has been incorporated to apply to the states through the Fourteenth Amendment.

39. The essential purpose of the Free Exercise clause is to prohibit discrimination of religion, as the United States Supreme Court has stated before, based on the "fundamental non-persecution principal". § 8 of Article IX of the California State Constitution defies this principal by treating Plaintiffs and other similarly situated entities religious expression as a disability which prohibits Plaintiff and other similarly situated entities from even applying for generally available funds. The United States Supreme Court has made it clear that the Free Exercise Clause prohibits states from acting in manners which would punish individuals or entities for their religious conduct through state constitutional articles such as § 8 of Article IX of the California State Constitution.

40. The Free Exercise Clause condemns state constitutional articles such as § 8 of Article IX of the California State Constitution because they force those who choose to express their religious beliefs to bear the burden of the discrimination while not being able to reap any of the benefits that are generally available to the public.

## COUNT VI
### § 8 of Article IX of the California State Constitution
### Violation of United States Constitution
### First and Fourteenth Amendments: Freedom of Speech
### (42 U.S.C. § 1983)

41. Paragraphs 1 through 40 are incorporated by reference as if fully set forth herein.

42. The Defendant, acting under the color of the California State Constitution, has deprived and continues to deprive Plaintiff and other similarly situated entities of their right to free speech, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying the Plaintiffs the ability to operate a charter school solely because of its religious views, and by targeting Plaintiff and other similarly situated entities for special disfavor because they possess a religious viewpoint.

43. § 8 of Article IX of the California State Constitution, through the Act, the state of California has essentially created a forum for a broad but defined range of groups. However, groups such as Plaintiff and other similarly situated entities are excluded from participation solely because of Plaintiff's and other similarly situated entities expression of its religious purpose. Discriminating against a group only for its religious affiliation or viewpoint has consistently been condemned by the United States Supreme Court.

44. § 8 of Article IX of the California State Constitution, through the Act classification of Plaintiff and other similarly situated entities as religious entities is its basis, or at least results in Plaintiff's and other similarly situated entities speech and ideas being denied entry into a public forum that is generally available to the public at large. These actions by the State clearly violate Plaintiff's and other similarly situated entities freedom of speech.

## COUNT VII
### § 5 of Article XVI of California State Constitution
### Violation of United States Constitution
### Fourteenth Amendment: Equal Protection
### (42 U.S.C. § 1983)

45. Paragraphs 1 through 44 are incorporated by reference as if fully set forth herein.

46. § 5 of Article XVI of the California State Constitution violates religious entities of its equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by denying religious entities the ability to operate a charter school on the basis of the suspect classification of religion, on the basis of an article of the California State Constitution passed with discriminatory or otherwise irrational intent, and on the basis of the Plaintiffs exercise of its fundamental rights.

## COUNT VIII
### § 5 of Article XVI of California State Constitution
### Violation of United States Constitution
### First and Fourteenth Amendments: Free Exercise of Religion
### (42 U.S.C. § 1983)

47. Paragraphs 1 through 46 are incorporated by reference as if fully set forth herein.

48. The Defendant, acting under the color of the California State Constitution, has deprived and continues to deprive Plaintiff and other similarly situated entities of their right to the free exercise of religion, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying, through laws like the Act, Plaintiff and other similarly situated entities the ability to operate a charter school on the basis of religious status, and by targeting Plaintiff because of its religious status.

49. A primary purpose of The First Amendment is to keep government from selectively relegating individuals and/or entities who act on religious conviction to a lower class when public benefits are distributed. § 5 of Article XVI of California State Constitution demotes entities such as Plaintiff and other similarly situated entities to second-class citizens solely because of their religious status by forbidding Plaintiff and other similarly situated entities to even apply for a charter school, through the Act.

50. § 5 of Article XVI of California State Constitution is nothing more than an attempt by the State to erect a barrier for those who express their religious affiliation from access to public resources that are generally available to all others, as long as they do not publicly express their religious affiliation or beliefs. This type of selective discrimination by the State of California clearly violates the Free Exercise Clause of the First Amendment, which has been incorporated to apply to the states through the Fourteenth Amendment.

51. The essential purpose of the Free Exercise clause is to prohibit discrimination of religion, as the United States Supreme Court has stated before, based on the "fundamental non-persecution principal§ 5 of Article XVI of California

State Constitution defies this principal by treating Plaintiffs and other similarly situated entities religious expression as a disability which prohibits Plaintiff and other similarly situated entities from even applying for generally available funds. The United States Supreme Court has made it clear that the Free Exercise Clause prohibits states from acting in manners which would punish individuals or entities for their religious conduct through state constitutional articles such as § 5 of Article XVI of California State Constitution.

52. The Free Exercise Clause condemns laws such as the California Charter Schools Act and state constitutional articles such as § 5 of Article XVI of California State Constitution because they force those who choose to express their religious beliefs to bear the burden of the discrimination while not being able to reap any of the benefits that are generally available to the public.

## COUNT IX
### § 5 of Article XVI of California State Constitution
### Violation of United States Constitution
### First and Fourteenth Amendments: Freedom of Speech
### (42 U.S.C. § 1983)

53. Paragraphs 1 through 52 are incorporated by reference as if fully set forth herein.

54. The Defendant, acting under the color of the California State Constitution, has deprived and continues to deprive Plaintiff and other similarly situated entities of their right to free speech, as secured by the First and Fourteenth Amendment to the United States Constitution, by denying the Plaintiffs the ability to operate a charter school solely because of its religious views, and by targeting Plaintiff and other similarly situated entities for special disfavor because they possess a religious viewpoint.

55. § 5 of Article XVI of California State Constitution, through the Act, the state of California has essentially created a forum for a broad but defined range of groups. However, groups such as Plaintiff and other similarly situated entities are excluded from participation solely because of Plaintiff's and other similarly situated entities expression of its religious purpose. Discriminating against a group only for its religious affiliation or viewpoint has consistently been condemned by the United States Supreme Court.

56. § 5 of Article XVI of California State Constitution, through the Act classification of Plaintiff and other similarly situated entities as religious entities is its basis, or at least results in Plaintiff's and other similarly situated entities speech and ideas being denied entry into a public forum that is generally available to the public at large. These actions by the State clearly violate Plaintiff's and other similarly situated entities freedom of speech.

## REQUEST FOR RELIEF

57. A declaratory judgment that the part of §47605 (d) of the California Education Code that reads, "…and all other operations…," be stricken;

58. A declaratory judgment that the part of §47605.6(e) of the California Education Code that reads, "…and all other operations…," be stricken;

59. A declaratory judgment invalidating § 8 of Article IX of the California State Constitution;

60. A declaratory judgment invalidating § 5 of Article XVI of California State Constitution;

61. An order enjoining the Blaine Amendment, to the extent it compels the Defendant to discriminate against religious entities;

62. An order enjoining the Defendants from enforcing the law which denies Sunago Christian Fellowship Church the right to operate a charter school merely because it is a religious entity and require Defendants to certify and make available an equal opportunity for Sunago Christian Fellowship Church's application to be accepted and evaluated strictly on the merits as other non-profit entities applying to operate a charter school in California State;

63. Awarding costs and attorney fees pursuant to 42 U.S.C. § 1988; and

64. Awarding such other relief as this Court shall deem just and equitable.

Respectfully submitted this 8th Day of December 2011,

BY: _____
Kevin M. Muldoon
Attorney for Plaintiff; Sunago Christian Fellowship Church